## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| COLE LAUX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:15-CV-453-TLS |
| | ) | |
| CITY OF DALLAS, and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

In this litigation, the Plaintiff, Cole Laux, has sued the City of Dallas for injuries he

sustained in Dallas on October 14, 2013, when he fell into a manhole that was not properly

covered. Subject matter jurisdiction is predicated on diversity of citizenship, 28 U.S.C. § 1332.

This matter is before the Court on Defendant City of Dallas' Motions to Dismiss for Lack of

Personal Jurisdiction Pursuant to Rule 12(b)(2) and Improper Venue Pursuant to Rule 12(b)(3),

and Alternatively, Motion to Transfer Venue, and Brief in Support [ECF No. 8], filed on

November 23, 2015. The Plaintiff has not responded to the City's Motion.


## JURISDICTIONAL FACTS

The City of Dallas is a Texas home-rule municipal corporation with its administrative

offices located in Dallas County, Texas. The City is incorporated by virtue of a Special Act of

the Texas Legislature. See Act of April 13, 1907, 30th Leg., R.S., ch. 71, 1907 Tex. Special

Laws 568, as amended. The Plaintiff is a resident of South Bend, Indiana.

The Plaintiff was visiting the City of Dallas on October 14, 2013, to attend a football

game between the University of Notre Dame and Arizona State. As he was walking near the

intersection of Lewis Street and Summit Avenue, he stepped on a manhole cover. Due to its

placement, the manhole cover flipped up when the Plaintiff stepped on it, and the cover crashed

onto his legs as he fell waist deep into the hole. The Plaintiff is suing the City of Dallas for

negligently causing the injuries he sustained when the manhole cover crashed into his legs.


## ANALYSIS

### A.    Personal Jurisdiction

"Personal jurisdiction" refers to the court's power over the parties. *See Leroy v. Great W.*

*United Corp.*, 443 U.S. 173, 180 (1979). Personal jurisdiction is "an essential element of the

jurisdiction" without which the court is "powerless to proceed to an adjudication" of the merits

of a lawsuit. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (citing *Emp'rs.*

*Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937)).

A federal district court exercising diversity jurisdiction has personal jurisdiction over a

nonresident defendant only if a court of the state in which it sits would have such jurisdiction.

*Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 779 (7th Cir. 2003). In

making this determination, the court must engage in a two-step analysis. *See Purdue Research*

*Found.*, 338 F.3d at 779 (citing *Int'l Med. Grp., Inc. v. Am. Arbitration Ass'n, Inc.*, 312 F.3d

833, 846 (7th Cir. 2002)). First, the non-resident's activities must fall within the reach of the

state's long-arm statute, and second, the exercise of jurisdiction must comport with federal

constitutional due process. *Purdue Research Found.*, 338 F.3d at 779; *see also Manez v.*

*Bridgestone Firestone N. Am. Tire*, 533 F.3d 578, 586–87 (7th Cir. 2008).

When a party files a motion to dismiss for lack of personal jurisdiction pursuant to

Federal Rule of Civil Procedure 12(b)(2), the court has two options. It may hold a hearing or

2

issue a ruling based on the parties' written submissions. When the court holds an evidentiary hearing to determine jurisdiction, the plaintiff must establish jurisdiction by a preponderance of the evidence. *Purdue Research Found.* 338 F.3d at 782; *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). However, when the district court rules on a defendant's motion to dismiss in reliance on the submission of written materials only, the plaintiff "need only make out a *prima facie* case of personal jurisdiction." *Hyatt Int'l*, 302 F.3d at 713. In evaluating whether the *prima facie* standard has been satisfied, the plaintiff "is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Purdue Research Found.*, 338 F.3d at 782.

1.      *Indiana's Long-Arm Statute*

Because Indiana's long-arm statute, Indiana Trial Rule 4.4(a), "reduce[s] analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the [f]ederal Due Process Clause," *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006), the Court only needs to consider the second step of the analysis.

2.      *Due Process*

For personal jurisdiction to be consistent with due process, a defendant must have established minimum contacts with the forum state such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–76 (1985). A court examines whether the defendant's contacts with the state are such that he "should reasonably anticipate being haled into court" there. *Id.* at 474 (quoting

3

*World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). The defendant must have purposefully availed himself of the privilege of conducting activities in the forum state, invoking the benefits and protections of its laws. *Id.* at 474–75.

There are two types of contacts that may be sufficient to establish jurisdiction: (1) the defendant's contacts with the forum state that are unrelated to the basis of the lawsuit—known as general jurisdiction; and (2) the defendant's contacts that are related to the subject matter of the lawsuit—known as specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853–54 (2011); *Burger King*, 471 U.S. at 466–67; *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 418 (1984).

a.      General Jurisdiction

General jurisdiction permits a federal district court in Indiana to exercise personal jurisdiction over a nonresident defendant regardless of the subject matter of the litigation only when the defendant has "continuous and systematic general business contacts" with Indiana. *Purdue Research Found.*, 338 F.3d at 787. The Seventh Circuit has explained that "[t]hese contacts must be so extensive to be tantamount to [the nonresident defendant] being constructively present in [Indiana] to such a degree that it would be fundamentally fair to require it to answer in [an Indiana court] in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *Id.* (emphasis in original). According to the Supreme Court, this general, all-purpose jurisdiction requires that the defendant be "essentially at home" in the forum. *Goodyear Dunlop*, 131 S. Ct. at 2851.

A corporation is "essentially at home" both where it is incorporated and where its

4

principal place of business is located. *Goodyear Dunlop*, 131 S. Ct. at 2853–54; *see also*

*Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014). The City of Dallas, which is incorporated as

a Texas home-rule municipal corporation and has its administrative offices in Dallas County,

Texas, is not essentially at home in Indiana. Nothing in the record suggests that the City of

Dallas has continuous and systematic contacts with Indiana such that it may be called into this

Court "to answer for any alleged wrong, committed in any place, no matter how unrelated to [the

City's] contacts" with Indiana. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 426 (7th Cir.

2010).


b.      Specific Jurisdiction

        "Specific jurisdiction is jurisdiction over a specific claim based on the defendant's

contacts with the forum that gave rise to or are closely connected to the claim itself." *Abelesz v.

OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012) (citing *Goodyear Dunlop*, 131 S. Ct. at 2851). The

Seventh Circuit has instructed that specific jurisdiction is appropriate where: (1) the defendant

has purposefully directed his activities at the forum state or purposefully availed himself of the

privilege of conducting business in that state; (2) the alleged injury arises out of the defendant's

forum-related activities; and (3) the exercise of specific jurisdiction comports with traditional

notions of fair play and substantial justice. *See Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir.

2012); *see also N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014).

        An analysis of the purposeful direction or purposeful availment factor is dependent on

the type of claim at issue. *Id.* at 674. The Plaintiff has claimed that the City of Dallas acted

negligently with regard to placement of a manhole cover on its City streets. The Plaintiff was not

injured in Indiana, and his allegation involves no activities directed at Indiana. Because the

Plaintiff has failed to show that the Defendant had sufficient minimum contacts with Indiana, the

Court need not go further in the personal jurisdiction analysis. The Plaintiff has not made out a

prima facie case for an Indiana court to exercise personal jurisdiction over the City of Dallas for

an unintentional tort committed within the City of Dallas.

## CONCLUSION

For the reasons stated above, the Defendant's motion to dismiss for lack of personal

jurisdiction is GRANTED [ECF No. 8], and the Plaintiff's Complaint is DISMISSED

WITHOUT PREJUDICE for lack of personal jurisdiction. Because there is no personal

jurisdiction over the Defendant, this Court need not address the Defendant's Rule 12(b)(3)

motion to dismiss on the basis of improper venue, and such alternative motion [ECF No. 8] is

DENIED AS MOOT. Because there is no identifiable Defendant remaining in this litigation, the

case is terminated.

SO ORDERED on January 11, 2016.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION